IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LANCE E. SHAWLEY,

                     Plaintiff,                  OPINION & ORDER

  v.

                                                  14-cv-671-jdp

LIFE INSURANCE COMPANY OF NORTH
AMERICA,

                     Defendant.

---

This is an employee benefits case. Plaintiff Lance Shawley brought this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132 *et seq.*, to recover benefits allegedly due to him under his employer's Group Policy. Defendant Life Insurance Company of North America (LINA) issued the Group Policy, which afforded Long Term Disability (LTD) benefits to eligible employees. For a time, Shawley received LTD benefits, but he has alleged that LINA wrongfully terminated and refused to reinstate these benefits.

Shawley initially filed a complaint against both LINA and its parent company, CIGNA Corporation, Dkt. 1, but later amended his complaint to drop CIGNA, leaving LINA as the only defendant in this case, Dkt. 11. LINA answered the amended complaint, stating that its decision to deny LTD benefits was made in good faith. Dkt. 13. Shawley has now moved to strike portions of LINA's answer, contending that they do not comply with Federal Rule of Civil Procedure 8(b). The court will deny Shawley's motion to strike.

BACKGROUND

For the purposes of this opinion, the court accepts Shawley's version of the facts and any reasonable inferences drawn from them. *See, e.g., Heckler & Koch, Inc. v. German Sport Guns*

*GmbH*, 976 F. Supp. 2d 1020, 1024 (S.D. Ind. 2013) (drawing facts from the amended complaint).

Shawley began working at Northern Engraving Corporation in March 1988. Three years into his employment, he sought treatment for back pain and related symptoms, which he believed resulted from his work. Based on his chronic pain and the restrictions on his ability to perform routine work functions, Northern Engraving determined that Shawley was disabled and placed him on medical release. After evaluating Shawley's claims, LINA granted his application for LTD benefits under the Group Policy. About four years later, LINA hired an investigator to perform surveillance to evaluate Shawley's condition. Based on its surveillance, LINA terminated his LTD benefits.

Shawley appealed LINA's decision three times, but LINA upheld its initial decision and refused to reinstate benefits. On October 1, 2014, Shawley filed suit in this court. He alleges that LINA's decision to terminate his benefits and refusal to reinstate them was (1) incorrect and inaccurate, (2) unreasonable, and (3) arbitrary and capricious. Dkt. 1. The court has subject matter jurisdiction under 28 U.S.C. § 1331 because this case arises under federal law.

## ANALYSIS

Shawley has moved to strike major portions of LINA's answer on the grounds that they contain identical "stock responses" to several allegations. Dkt. 14. Of the 156 paragraphs in Shawley's amended complaint, LINA answered over one hundred of them with the following response, changing only the paragraph number:

> Answering paragraph 12 of the Complaint, defendant affirmatively alleges plaintiff's claim for benefits will be determined solely and exclusively by reference to the administrative record pertaining to Shawley's claim for disability benefits. The administrative record speaks for itself. Defendant denies all allegations set forth in

>   > paragraph 12 to the extent inconsistent with the express content of the administrative record as a whole, and further denies the remaining averments set forth in paragraph 12.

*See generally* Dkt. 13.

Shawley's motion to strike relies on Rule 8(b)(1)(B), which requires that a responding party specifically admit or deny the allegations against it. A responding party may also deny an allegation by stating that it lacks knowledge or information sufficient to form a belief about the truth of an allegation. Fed. R. Civ. P. 8(b)(6). Shawley contends that LINA's stock responses do not fit into any of these three categories and are therefore insufficient under Rule 8. He further adds that courts have found stock responses inadequate in other ERISA cases. *See, e.g., Chi. Dist. Council of Carpenters Pension Fund v. Balmoral Racing Club, Inc.*, No. 00-cv-2375, 2000 WL 876921, at *1 (N.D. Ill. June 26, 2000). LINA responds that Shawley's 156-paragraph complaint is unnecessarily detailed and verbose, given the nature of his claim. Dkt. 20, at 2-3. LINA contends—correctly—that Shawley's complaint also violates Rule 8 because it does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief," nor are Shawley's allegations simple, concise, and direct. Fed R. Civ. P. 8(a)(2), (d)(1).

"[T]he general rule [is] that motions to strike are disfavored. This is because motions to strike potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). As the moving party, Shawley has the burden to show "that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Kaufman v. McCaughtry*, No. 03-cv-27, 2003 WL 23095690, at *1 (W.D. Wis. May 22, 2003) (internal citations and quotation marks omitted). Shawley cannot meet this burden. The pleadings from both parties adequately delineate the issue in this case: whether LINA properly denied benefits in accordance with the terms of the governing ERISA plan. Shawley contends that his detailed complaint is a legitimate attempt to
3

narrow the factual disputes. But his 156-paragraph complaint is poorly designed to narrow anything. Each paragraph contains multiple allegations so that defendant would actually be required to respond to several hundred factual points, most of which are likely immaterial. The court would have been more sympathetic to Shawley's motion to strike had his complaint tracked Rule 8's requirement that pleadings be concise and direct.

Forcing both parties to replead—and they would *both* have to replead because they *both* violated Rule 8—would simply delay this case. Any marginal benefit that might flow from more concise pleading would be outweighed by the time it will take to get there. And the legal issue that the court will ultimately address at summary judgment would remain the same. Rule 8 aims to achieve brevity, simplicity, and clarity in pleadings, not additional delays. *Knox v. First Sec. Bank*, 196 F.2d 112, 117 (10th Cir. 1956). The court can best achieve the objectives of Rule 8, and Rule 1, by denying Shawley's motion.

## ORDER

IT IS ORDERED that plaintiff Lance Shawley's motion to strike defendant Life Insurance Company of North America's answer, Dkt. 14, is DENIED.

Entered February 19, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge